BIRD, PLAINTIFF AND APPELLANT, *v.* ROIG ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Humacao in a Rescissory Action.

No. 1151.—Decided August 1, 1914.

PROMISSORY NOTE—JUDGMENT IN ACTION TO RECOVER ON PROMISSORY NOTE— ENDORSEMENT OF NOTE AFTER JUDGMENT—ACTION TO RESCIND.—When in an action to recover on a promissory note the plaintiff obtains judgment in his favor, the note is merged in the judgment and cannot be assigned after judgment to another person, and, if this is done, the assignee does not take title as creditor so as to enable him to bring an action for rescission of the contract.

The facts are stated in the opinion.
*Mr. Jacinto Texidor* for the appellant.
*Mr. Francisco González* for the respondent.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Modesto Bird León, plaintiff and appellant, brought suit in the District Court of Humacao under the provisions of the third subdivision of section 1258 of the Civil Code to rescind and set aside a conveyance of certain real property by defendant Manuel Roig Hernández to defendant Manuel Méndez, alleged to have been executed in fraud of plaintiff as creditor of the vendor.

The allegations of the complaint pertinent to the question involved in this appeal are substantially as follows: That on July 1, 1912, defendant Manuel Roig Hernández signed a certain note payable to plaintiff, as set forth verbatim in the complaint; that on March 23, 1913, plaintiff endorsed the said note to Jacinto Texidor, said endorsement reading as follows: "Pay to the order of Don Jacinto Texidor, value received. Guayama, March 23, 1913. M. Bird"; that Texidor having demanded payment without result was obliged to file a suit for collection thereof against the said Roig and plaintiff herein, which action was brought in the District Court of Guayama on March 25, 1913, and the said defendant Roig not having appealed from the judgment by default rendered against him therein, a certain property described in the complaint, and which had been attached in the said suit, was offered for sale by the Marshal of the District Court of Humacao on August 7, 1913, the said marshal having announced in the edicts advertising the property that the latter was encumbered by a mortgage for $4,000 in favor of Juan Vías Ochoteco, and that no bidders appeared at the sale, the value of the property being equal only to the amount of the mortgage; that Texidor, finding himself unable to collect the amount of the note, returned the same to plaintiff with a second endorsement reading as follows: "Pay to the order of M. Bird, value returned by him, inasmuch as I have been unable to recover the amount of this obligation for the reason that Mr. Roig has no property. San Juan, P. R., August 8, 1913"; that on March 12, 1913, the note above mentioned not having been paid in whole or in part, defendant Roig, in fraud of his creditor, Texidor at that time, sold to the other defendant, Méndez, who knew that Roig owed this obligation to the said Texidor and Bird, and who had notice of the said credit, a property situated in ward Mamey of Juncos with a dwelling house for the sum of $6,216, which property was recorded on page 147 over, volume 16 of Juncos; that in this sale it was set forth that out of the purchase price there

should be paid to Ramón Rubial $1,176, to Santini & Co. $1,268, and to Don Herminio Suárez $2,272; that by virtue of this sale Texidor at that time, and afterwards Bird, was postponed in the collection of his credit, and the co-defendant Roig Hernández was left insolvent and without property out of which any judgment that might be obtained in recovery upon the note described in the complaint could be made effective, inasmuch as the property already attached was encumbered for an amount equal to its value; that this sale was made by virtue of an instrument No. 37, executed in Humacao before the notary Francisco González Fagundo upon March 12, 1913, and both of the said parties knew of the existence of the obligation in question, and that the same was unsatisfied, and that the said deed was executed for the sole purpose of defrauding the holder of the said note in the collection thereof; that the defendant Roig is without property out of which the said obligation can be made effective, and plaintiff has no legal remedy for the collection of his debt other than the present action for rescission.

Defendants demurred to the complaint upon the ground that the same did not state facts sufficient to constitute a cause of action, and the court sustained the demurrer holding, first, that the complaint did not show that the plaintiff Bird was a creditor of the defendant Roig, and, second, that the same did not set forth facts sufficient to show fraud, and thereupon entered judgment dismissing the complaint.

The court below clearly bases its opinion upon the well-known doctrine of merger, holding in effect that, the note having been merged in the judgment in the suit by Texidor against Roig, plaintiff Bird took nothing by the mere endorsement of the said note after such judgment, and the complaint therefore did not show plaintiff to be a creditor of the defendant Roig, a primary and indispensable prerequisite to recovery under section 1258 of the code. The district judge, however, in the course of his opinion and clearly *arguendo*, makes some reference to certain articles of the Code of Commerce,

as tending also to show the inefficiency of such endorsement independently of the question of merger, and appellant devotes most of his brief to an extended argument as to whether or not the note in question is a mercantile document and, consequently, whether or not the court below erred in relying upon the said provisions of the Code of Commerce in support of the conclusion reached. The determination of this question was in nowise necessary to the conclusion arrived at by the trial court, which, as we have already indicated, based its judgment upon other and more stable grounds, and we may very well leave the matter open until the same question arises and is more fully presented in some case in which a determination thereof is directly and necessarily involved. Anything we might now say in this regard would be mere *obiter dicta,* as were the remarks of the court below.

The complaint is incomplete and contradictory as to details, and somewhat vague and uncertain as to the cause of action intended to be stated. Whatever the real facts may be, the case must stand or fall in this court upon the same theory upon which it was tried in the court below. That theory is that the plaintiff Bird sued simply as the holder of a promissory note endorsed to him by Texidor after having been reduced to judgment by the latter. The court below held that the note was merged in the judgment and that the mere endorsement thereof to Bird after such judgment could not convert the latter into a creditor of Roig, the maker of the note. We think there can be no question as to this proposition, and it is not the province of this court to raise new questions upon its own motion and evolve such other possible theories of the case as the circumstances appearing from the record might suggest.

"A claim or demand, being put in suit and passing to final judgment, is merged or swallowed up in the judgment, loses its vitality, and cannot thereafter be used either as a cause of action or as a set-off. Moreover as a general rule all the peculiar qualities of the claim are merged in the judgment, which then stands on the same

footing as all other judgments. And these rules apply to all species of demands, including contracts, bonds, promissory notes, and according to some cases, even demands founded upon earlier judgments." 23 Cyc., 1108.

We also agree with the court below in holding the allegations as to fraud to be insufficient, though this defect, as suggested by the trial judge, might have been easily remedied by amendment, were it not for the other more fundamental mistake which we have already discussed.

We find no substantial error in the record and the judgment of the court below must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.